UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAMERON LEWIS | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1494 |
| RYAN SEASHORE | * | SECTION "J" (2) |

**ORDER AND REASONS**

Plaintiff Cameron Lewis filed a Complaint against Defendant Ryan Seashore. ECF No. 1. Currently pending before the Court is Planitiff's *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* in this matter. ECF No. 2.

**I.    BACKGROUND**

Plaintiff invokes federal question jurisdiction to support her complaint. ECF No. 1 at 3; No. 1-1 ¶ 4. Plaintiff's Complaint is premised on alleged defamatory statements and reports made by her neighbor Ryan Seashore to the local police, in filings in Civil District Court, and to Tulane University, as well as alleged assault and battery. ECF No. 1-1 ¶ 7. Plaintiff purports to bring her claim for defamation under 28 U.S.C. § 4101 (*id.* ¶¶ 42-54), for fraudulent misrepresentations under 33 U.S.C. § 931 (*id.* ¶¶ 55-60), for false claims act violations under 31 U.S.C. § 3729 (*id.* ¶¶ 61-68), for fraudulent concealment under 18 U.S.C. § 1001 (*id.* ¶¶ 69-76), for perjury under 18 U.S.C. § 1621 (*id.* ¶¶ 83-85), and pendent state law claims (*id.* ¶¶ 77-82, 86-99).

**II.    APPLICABLE LAW**

**A.    *In Forma Pauperis* Standard for Authorization to Proceed Without Payment**

Plaintiff's application is submitted on the AO 240 Form, but the information provided is unclear and incomplete. ECF No. 2. Based on the information provided therein, it appears that Plaintiff is a full-time college student whose parent pays her monthly rent and provides $200 a

1

week for living expenses. *Id.* at 1-2. She has less than the filing fee in her bank account and has almost $40,000 in student loans. *Id.* at 2.

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review of plaintiff's income sources and the "demands on [her] financial resources, including whether expenses are discretionary or mandatory."[4]

Plaintiff's *in forma pauperis* application provides sufficient information to enable the Court to determine that she is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.

### B. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[5] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[6] Indeed, the statute specifically mandates that the

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (citations omitted); 28 U.S.C. § 1915(a).
[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983)).
[4] *Id.*
[5] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[6] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[7] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[8]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[9] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[10] A court may not dismiss a claim simply because the facts are "unlikely."[11] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[12] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[13]

C. **Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[14] While Rule 8's

---

[7] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[8] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[11] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[12] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[13] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[7] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[8]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[9] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[10] A court may not dismiss a claim simply because the facts are "unlikely."[11] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[12] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[13]

C. **Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[14] While Rule 8's

---

[7] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[8] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[11] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[12] *Id.* (quoting *Denton*, 504 U.S. at 32-33).
[13] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[15] Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[16]

### D. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[17] The party seeking the federal forum has the burden of establishing diversity jurisdiction.[18] If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[19]

One basis for subject matter jurisdiction is diversity under 28 U.S.C. § 1332. Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[20] Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[21] Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction is assessed

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[16] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice").
[17] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[18] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[19] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[20] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[21] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *accord. Bynane*, 866 F.3d at 355 (citation omitted); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988).

under the well-pleaded complaint rule, which requires that a federal question appear on the face of the well-pleaded complaint.[22]

### III. ANALYSIS

Plaintiff's *in forma pauperis* application (ECF No. 2) includes sufficient information to enable the Court to determine that she is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a). Although the Court has permitted the plaintiff to proceed *in forma pauperis*, the Court must determine whether Plaintiff's complaint satisfies the requirements of the *in forma pauperis* statute. Accordingly, summons will not be issued pending completion of this Court's statutorily-mandated review.

Plaintiff's claims appear local in nature (i.e., a dispute with neighbor), and both parties are alleged to reside in Louisiana. *See generally* ECF Nos. 1, 1-1. Plaintiff provides no information to suggest the presence of diversity jurisdiction under § 1332 nor does the complaint reflect a colorable claim rising under federal law to support federal question jurisdiction under § 1331. Although Plaintiff purports to invoke federal question jurisdiction based on a variety of federal statutes, the cited statutes do not provide a basis for federal question jurisdiction. Indeed, the criminal statutes cited by Plaintiff do not provide her with a private cause of action that would support federal question jurisdiction.[23] Plaintiff's reliance on 28 U.S.C. § 4101 to support federal

---

[22] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).
[23] Criminal charges cannot be brought by private individuals as the Executive Branch has absolute discretion to decide whether to investigate or prosecute a case. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021). And the cited federal criminal statutes do not provide a private cause of action. *See Thomas v. Abebe*, 833 F. App'x 551, 555 (5th Cir. 2020) (holding that 28 U.S.C. § 1001 does not provide a private cause of action (citing *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) ("In order for a private right of action to exist under a criminal statute, there must be 'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'") (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975))); *Dean v. City of New Orleans*, No. 11-2209, 2012 WL 2564954, at *11 (E.D. La. July 2, 2012) (finding no right to bring a civil action for damages for perjury under 18 U.S.C. § 1621), *aff'd*, 544 F. App'x 353 (5th Cir. 2013); *see also AirTrans, Inc. v. Mead*, 389 F.3d 594, 597 n.1 (6th Cir. 2004) (finding "no right to bring

question jurisdiction over her claim for defamation is misplaced.[24] Likewise, the other cited federal statutes do not provide a basis for federal jurisdiction in this case.[25]

Accordingly, Plaintiff's Complaint appears to lack any basis for this Court's exercise of subject matter jurisdiction.

## IV.    CONCLUSION

Plaintiff has established her inability to pay fees under 28 U.S.C. § 1915(a)(1)(2). On its face, however, Plaintiff's Complaint appears to lack any basis for subject matter jurisdiction, subjecting the complaint to summary dismissal under § 1915(e)(2). Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte*/Consent Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Monday, August 25, 2025**, Plaintiff Cameron Lewis **SHOW CAUSE** why her Complaint should not be summarily dismissed as frivolous for lack of subject matter jurisdiction;

---

a private action under" 18 U.S.C. § 1001); *Cason v. Middlesex Cnty. Prosecutors Off.*, No. 24-1969, 2025 WL 1441157, at *1 (3d Cir. May 20, 2025) (citing *Bauer v. Elrich*, 8 F.4th 291, 295 (4th Cir. 2021) (no private right of action under 18 U.S.C. § 1621); *Lee v. United Stages Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (no private right of action under 18 U.S.C. § 1001)).

[24] Section 4101 of Title 28 simply defines the term "defamation" in relation to enforcement of foreign judgments for defamation against United States citizens entitled to First Amendment protections and does not transform a state law tort action for defamation into a federal question. *See, e.g.*, *Sharp v. Ervin*, No. 24-150, 2024 WL 2820105, at *1 (S.D. Tex. June 3, 2024); *Robertson v. F.B.I.*, No. 22-5277, 2023 WL 2027833, at *3 (W.D. La. Jan. 31, 2023), *R.&R. adopted*, 2023 WL 2021883 (W.D. La. Feb. 15, 2023); *Mills v. Dollar Gen. Corp. Off.*, No. 21-368, 2021 WL 4851065, at *3 & n.16 (M.D. La. Oct. 18, 2021).

[25] This is not a case involving the Longshore and Harbor Worker's Compensation Act, nor does the case implicate any false claim made to the United States under 31 U.S.C. § 3730, and therefore, neither 33 U.S.C. § 931 nor 31 U.S.C. § 3729 provide a basis for federal question jurisdiction.

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** setting forth the specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim. **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HER COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on Monday, August 25, 2025, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this 23rd day of July, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE